UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY LEE HUSKEY, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:23-cv-01197-SRC |
| ) | |
| DORIS FALKENRATH, ) | |
| ) | |
| Respondent. ) | |

**Memorandum and Order**

Before the Court is Missouri State prisoner Jerry Lee Huskey's [1] Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. The Court orders Huskey to show cause why the Court should not dismiss his petition.

I.   **Background**

Huskey filed the instant petition on September 19, 2023. *See* Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. He challenges the judgment of conviction entered by the Lincoln County Circuit Court in the matter *State v. Huskey,* No. 15L6-CR00514-01 (45th Jud. Cir. 2015). In that matter, Huskey pleaded guilty to Aggravated Stalking, a Class D Felony. On January 8, 2018, the court sentenced him to four years imprisonment. He did not seek direct review.

On July 20, 2018, Huskey filed a motion for post-conviction relief in the Lincoln County Circuit Court. *See Huskey v. State,* No. 18L6-CC00094 (45th Jud. Cir. 2018). The court denied his motion, and he appealed to the Missouri Court of Appeals for the Eastern District of Missouri. *See Huskey v. State,* No. ED110453 (Mo. Ct. App. 2022). The Court of Appeals affirmed the lower court's decision and issued its mandate on January 5, 2023. *Id.*

Independent review of Missouri Case.net shows that, in a separate criminal matter, Huskey was charged with Involuntary Manslaughter (Count 1), Second Degree Assault (Count 2), and a drug offense (Count 3) in connection with his actions on October 24, 2016. *State v. Huskey,* No. 16PH-CR01403-02 (25th Jud. Cir. 2016). He pleaded guilty, and on April 2, 2018, the court sentenced him to prison terms of 15 years on Count 1, 7 years on Count 2, and 15 years on Count 3, for a total of 37 years in prison. The Court ordered each sentence to run consecutively to the sentences imposed on the other counts, and to run consecutively to any other sentence Huskey was currently serving. Huskey does not challenge this judgment in the instant petition.

## II. Discussion

### a. Subject Matter Jurisdiction

This Court has jurisdiction to entertain a petition for habeas relief from a person who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *Maleng v. Cook,* 490 U.S 488, 490 (1989); *Weaver v. Pung,* 925 F.2d 1097, 1099 (8th Cir. 1991). If the petitioner does not satisfy the custody requirement, the district court lacks subject matter jurisdiction. *Weaver,* 925 F.2d at 1099 (citing *Maleng,* 490 U.S. 488).

In this case, Huskey challenges the judgment entered in *State v. Huskey,* No. 15L6-CR00514-01, which imposed a four-year prison sentence. According to Missouri Case.net, the "Start Date" for that four-year sentence was January 8, 2018, and Huskey states he was delivered to the Missouri Department of Corrections on May 25, 2018. Based on the information currently available to this Court, it appears Huskey finished serving the four-year sentence before he filed the instant petition.

"Custody is tested at the time of filing the petition. A person must be in custody under

the conviction or sentence attacked at the time of filing." *Weaver,* 925 F.2d at 1099 (citing *Maleng,* 490 U.S. 488).  Because it is not clear that Huskey was in custody under the conviction or sentence attacked at the time of filing, it is not clear that this Court has subject matter jurisdiction.  The Court directs Huskey to show cause why the Court should not dismiss his petition for lack of jurisdiction.

    **b. Statute of Limitations**

Even if it was clear that Huskey satisfied the custody requirement, it appears that the Court should dismiss his petition as time barred.  Under 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Nothing in the petition suggests that subsections (B), (C), or (D) could apply.  The Court therefore considers whether Huskey timely filed his petition under § 2244(d)(1)(A).  In *State v. Huskey,* No. 15L6-CR00514-01, the court entered judgment on January 8, 2018, which became final 10 days later on January 19, 2018.  Huskey had one year from that date to file a petition for

3

writ of habeas corpus in this Court, but he did not do so until September 19, 2023, more than five years later.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d)(2). The pendency of post-conviction review includes the time between the denial of post-conviction relief and the filing of an appeal from the denial, *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir. 2002), and the time during the appeal process through and including the date upon which the court of appeals issues its mandate. *Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006). The ninety days within which to file a petition for writ of certiorari to the United States Supreme Court after the denial of post-conviction relief is not tolled. *Lawrence v. Florida*, 549 U.S. 327 (2007); *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).

In this case, Huskey filed his motion for post-conviction relief on July 20, 2018, which tolled the limitations period through and including January 5, 2023 (the date the Missouri Court of Appeals issued its mandate after affirming the motion court's decision). The limitations period began running again on January 6, 2023, and Huskey filed the instant petition on September 19, 2023, 256 days later.

The time between the date that a petitioner's conviction becomes final and the date that an application for state collateral relief is filed counts against the one-year limitations period. *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001). Here, 181 days elapsed between the date Huskey's conviction became final and the date he filed his post-conviction motion. Adding that 181-day period to the 256-day period that elapsed after the conclusion of post-conviction appellate review, the sum of 437 days elapsed before Huskey filed the instant petition. It

4

therefore appears that Huskey did not timely file his petition under 28 U.S.C. § 2244(d)(1)(A), and the Court directs Huskey to show cause why the Court should not dismiss his petition as time barred.  *See Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time barred).

**III.     Conclusion**

The Court directs Huskey to show cause, in writing and no later than December 20, 2023, why the Court should not dismiss his [1] Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus.  If Huskey fails to timely comply with this Order, the Court may dismiss this case without further notice.

So ordered this 28th day of November 2023.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

5