UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY LEE HUSKEY, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:23-cv-01197-SRC |
| ) | |
| DORIS FALKENRATH, ) | |
| ) | |
| Respondent. ) | |

**Memorandum and Order**

On November 28, 2023, the Court ordered Jerry Lee Huskey to show cause response why the Court should not dismiss his petition under 28 U.S.C. § 2254 for writ of habeas corpus. Doc. 5. Huskey filed a response. Doc. 8. For the reasons explained below, the Court dismisses Huskey's petition and declines to issue a certificate of appealability.

**I.   Background**

**A.   State-court proceedings**

In 2015, Huskey pleaded guilty in state court to aggravated stalking. *State v. Huskey*, No. 15L6-CR00514-01 (45th Jud. Cir. 2015) ("*Huskey* 2015"). The court sentenced him to five years of probation. *Id.* Huskey violated the conditions of his probation, which led the court to impose a sentence of four years of imprisonment with a suspended execution of sentence and five years of probation. *Id.* Eventually, on January 8, 2018, the court revoked Huskey's probation and sentenced him to four years of imprisonment. *Id.* According to Missouri Case.net, the "Start Date" for Huskey's sentence was January 8, 2018. *Id.* Huskey claims he "was delivered to the Missouri Department of Corrections on May 25, 2018." Doc. 1 at 13.[1]

---

[1] The Court cites to page numbers as assigned by CM/ECF.

Huskey did not seek direct review of his sentence.

On July 20, 2018, Huskey filed a motion for post-conviction relief. *See Huskey v. State*, No. 18L6-CC00094 (45th Jud. Cir. 2018). The court denied his motion, and he appealed to the Missouri Court of Appeals. *See Huskey v. State*, No. ED110453 (Mo. Ct. App. 2022). That court affirmed the lower court's decision and issued its mandate on January 5, 2023. *Id.*

In a separate criminal matter, Huskey pleaded guilty to involuntary manslaughter, assault, and a drug offense. *See State v. Huskey*, No. 16PH-CR01403-02 (25th Jud. Cir. 2016) ("*Huskey* 2016"). On May 7, 2018, the court sentenced him to prison terms of 15 years for involuntary manslaughter, 7 years for assault, and 15 years for the drug offense, totaling 37 years of imprisonment. *Id.* The court ordered that Huskey serve these terms of imprisonment consecutively to one another and to any sentence Huskey was currently serving. *Id.* The Court takes judicial notice of the foregoing public state records. *See Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records . . . ." (citing *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802–03 (8th Cir. 2002), *overruled in part on other grounds by Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004))).

B.    **Federal-court proceedings**

Huskey filed the instant petition on September 19, 2023, to challenge the judgment of conviction entered by the state court in *Huskey* 2015. Doc. 1. Upon initial review of Huskey's petition, the Court determined the petition may be subject to dismissal. Doc. 5. As the Court explained, it appeared Huskey finished serving the sentence imposed in *Huskey* 2015 before he filed the petition, which raised the questions of whether he was "in custody" within the meaning of section 2254(a) and whether this Court has subject-matter jurisdiction over his petition. *Id.* at 2–3. The Court also explained that even if Huskey satisfied the custody requirement, it appeared

2

that Huskey untimely filed the petition under 28 U.S.C. § 2244(d)(1)(A). *Id.* at 3–5. Accordingly, the Court directed Huskey to show cause why the Court should not dismiss his petition. *Id.* at 5. Huskey filed a response to the Court's order. Doc. 8.

## II.     Discussion

In response to the Court's show-cause order, Huskey argues that the Court should not dismiss his petition because (1) the Court has subject-matter jurisdiction and (2) he timely filed his petition. *Id.* He also moves for the Court to set a hearing on his response. *See* doc. 10. The Court finds that a hearing is unnecessary, as this matter can be resolved on the pleadings. The Court therefore addresses each of Huskey's arguments below.

### A.     The Court has subject-matter jurisdiction.

Under section 2254, the Court has jurisdiction over habeas petitions filed by a person who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam) (citations omitted); *Weaver v. Pung*, 925 F.2d 1097, 1099 (8th Cir. 1991). "If the petitioner does not satisfy the custody requirement, the [Court] lacks subject-matter jurisdiction." *Weaver*, 925 F.2d at 1099 (citing *Maleng*, 490 U.S. at 490–91). Huskey claims that he satisfies the custody requirement and accordingly, the Court has subject-matter jurisdiction over this petition. Doc. 8 at 1–2.

Generally, to satisfy the custody requirement a petitioner must be "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng*, 490 U.S. at 490–91 (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). If the sentence imposed for that conviction has fully expired at the time the petitioner filed his petition, the petitioner does not satisfy the custody requirement. *Id.* at 491–92. The Supreme Court, however, has recognized an exception to this rule: a petitioner may challenge a conviction that has fully expired if that

3

conviction is part of a "continuous stream" of sentences, i.e., one of a series of sentences running consecutively. *Garlotte v. Fordice*, 515 U.S. 39, 41 (1995). As the Court explained, a petitioner "remains 'in custody' under all of his sentences until all are served, and . . . may attack the conviction underlying the sentence scheduled to run first in the" consecutive series. *Id.*

Here, Huskey admittedly served the entire sentence of the conviction that he challenges. Doc. 8 at 1–2. Because Huskey's conviction in *Huskey* 2015 has fully expired, the Court lacks subject-matter jurisdiction if Huskey does not satisfy the *Garlotte* exception. *Maleng*, 490 U.S. at 491; *Garlotte*, 515 U.S. at 41. Huskey claims that he satisfies the *Garlotte* exception because the challenged conviction ran first in a consecutive series and continues to postpone his eligibility for parole on his convictions in *Huskey* 2016. Doc. 8 at 1–2. The Court agrees.

In *Huskey* 2016, the state court sentenced Huskey on May 7, 2018, to three distinct terms of imprisonment and ordered in part that Huskey serve those sentences consecutively to any sentence he was currently serving. *State v. Huskey*, No. 16PH-CR01403-02. When the state court sentenced him in *Huskey* 2016, Huskey was serving his four-year term of imprisonment for *Huskey* 2015. *Id.* Although Huskey's sentence in *Huskey* 2015 has since run, he has remained in state custody to this day to serve his sentences in *Huskey* 2016.

This case presents a slightly different factual situation than that present in *Garlotte*. Huskey was sentenced to consecutive terms of imprisonment by two different courts, on two different occasions whereas the *Garlotte* prisoner was convicted and sentenced by the same court, at the same time. *Garlotte*, 515 U.S. at 41. As the Tenth Circuit explained in *Foster v. Booher*, however, this factual difference does not exclude this case from the scope of the *Garlotte* exception. *Foster v. Booher*, 296 F.3d 947, 950 (10th Cir. 2002) (citing *Garlotte*, 515 U.S. at 47). *Garlotte* "sets out a clear and broad rule that [courts] must 'view consecutive

4

sentences in the aggregate, not as discrete segments,'" and it lacks language limiting this rule to the facts present in *Garlotte*. *Id.* (citing *Garlotte*, 515 U.S. at 47). Further, limiting *Garlotte* to its facts would run against Supreme Court precedent: for example, the Supreme Court has allowed prisoners to challenge a state sentence that would commence at the end of a federal sentence (two sentences that clearly were imposed at different times), and the case undergirding the *Garlotte* decision involved consecutive sentences that had been imposed at different times. *Id.* (first citing *Maleng*, 490 U.S. at 493–94; and then citing *Peyton v. Rowe*, 391 U.S. 54, 55–56 (1968)). Following *Foster*, the Third Circuit has concluded the same. *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005).

The Court finds the rational of *Foster* persuasive and finds that it applies here. Because Huskey is still serving at least one of his consecutive sentences in state court, the Court holds that he satisfies the custody requirement. Accordingly, the Court has subject-matter jurisdiction under section 2254(a).

      **B.**      **Huskey did not timely file his petition under the statute of limitations.**

Second, Huskey claims that he timely filed his petition. Doc. 8 at 2–4. 28 U.S.C. § 2244(d) imposes a statute of limitations on habeas petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

5

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).  Huskey does not contend, and the record does not indicate, that subsections (B), (C), or (D) could apply.  *See* docs. 1, 8.  The Court, therefore, must determine whether Huskey timely filed his petition under section 2244(d)(1)(A).

Under section 2244(d)(1)(A), a judgment becomes final for purposes of section 2254 when the time for seeking review in the state's highest court expires.  *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).  Courts "look to state-court filing deadlines when petitioners forgo state-court appeals" to "determine the 'expiration of the time for seeking [direct] review.'"  *Id.* at 152 (alteration in original).  Pursuant to the Missouri Supreme Court Rules, a criminal defendant has ten days to appeal a final judgment.  Mo. Sup. Ct. R. 30.01(a); Mo. Sup. Ct. R. 81.04(a).  Thus, under the Missouri Supreme Court Rules and *Gonzalez*, if a criminal defendant forwent a state-court appeal, the judgment at issue became final for purposes of section 2254 when the ten-day appeal period expired.

In *Huskey* 2015, the court entered judgment on January 8, 2018, but Huskey did not appeal.  Accordingly, the judgment became final on January 18, 2018, starting the statute of limitations.  28 U.S.C. § 2244(d)(1).  On July 20, 2018, Huskey, filed a motion for post-conviction relief, which tolled the statute of limitations.  *See Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005).  Thus, a total of 183 days elapsed.  *See, e.g., Streu v. Dormire*, 557 F.3d 960, 966–67 (finding that "AEDPA's limitations period was not tolled in [the petitioner]'s case during the 116 days between November 7, 2005, and March 3, 2006" even though only 115 days fall

6

between those two dates, meaning the court included the last day in the calculation); *Holland v. Florida*, 560 U.S. 631, 635–36 (2010) (explaining that a petitioner had 12 days of the AEDPA limitations period left to file a habeas petition because his conviction became final on October 1, 2021, and he filed a motion for postconviction relief in state court on September 19, 2002; i.e., the Court concluded that 353 statute-of-limitations days had elapsed between the petitioner's conviction becoming final and the petitioner filing a motion for postconviction relief in state court, meaning the court included the last day in the calculation).

The statute of limitations remained tolled through January 5, 2023, the date the Missouri Court of Appeals issued its mandate. *See Carey v. Saffold*, 536 U.S. 214, 219–20 (2002) (explaining that an application for post-conviction relief "is pending as long as the ordinary state collateral review process is 'in continuance'—*i.e.*, 'until the completion of' that process"). The limitations period began running again on January 6, 2023, and Huskey filed his petition in this Court on September 19, 2023. Doc. 1. Thus, a total of 257 days elapsed.

In his response to the Court's show-cause order, Huskey acknowledges that his post-conviction proceedings were pending, and the limitations period was tolled, from July 20, 2018, to January 5, 2023, and that the federal limitations period began running again on January 6, 2023. Doc. 8 at 2–3. He argues, however, that under Missouri law, his time to file a state post-conviction motion did not begin until he was delivered to MDOC on May 25, 2018: "The only time that wasn't tolled was from May 25, 2018, to July 20, 2018, that's only 56 days." *Id.* at 3. He also states he had until January 6, 2024, to file his petition. *Id.*

Huskey misconstrues federal law. The one-year statute of limitations begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The time between

7

the date the judgment became final and the date the post-conviction motion is filed counts against the one-year period.  *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001); C*urtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 854 (8th Cir. 2003).  Here, 183 days elapsed between the date Huskey's conviction became final and the date he filed his post-conviction motion.  Adding that 183-day period to the 257-day period that elapsed after the conclusion of post-conviction appellate review, a total of 440 days elapsed before Huskey filed his petition.  The 440 days exceeds the one-year statute of limitations.

Further, Huskey has not demonstrated entitlement to equitable tolling, which provides otherwise time-barred petitioners with "an exceedingly narrow window of relief."  *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001) (citing *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000)).  Application of "[e]quitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," or "when the conduct of the defendant has lulled the plaintiff into inaction."  *Id.* (quoting *Kreutzer*, 231 F.3d at 463).  "The use of equitable procedures 'to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'"  *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009) (quoting *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002)).

Here, Huskey describes only ordinary circumstances.  Additionally, his explanation addresses only the delay between the date of finality and the date he was delivered to MDOC.  It does not address the delay between the date of delivery and the date he filed the post-conviction motion, or the delay between the conclusion of post-conviction appellate review and the date he filed his petition.  The Court cannot construe anything in Huskey's response as demonstrating extraordinary circumstances beyond Huskey's control.  Nor has he shown that the respondent

8

lulled him into inaction.  Therefore, under the foregoing principles, Huskey has not demonstrated that he meets the demanding requirements for equitable tolling.

As explained above, Huskey filed his petition after 440 days elapsed.  Thus, Huskey did not timely file his petition under section 2244(d)(1)(A).

### III.    Conclusion

Accordingly, the Court denies Huskey's [10] motion for a hearing, and dismisses without prejudice Huskey's [1] Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus.  A separate order of dismissal accompanies this order.

### IV.    Certificate of appealability

When dismissing a habeas petition on procedural grounds, the Court should grant a certificate of appealability only if "the prisoner shows both 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  In this case, Huskey provides no basis upon which the Court could issue a certificate of appealability, and the Court finds that an appeal would not be taken in good faith.  Therefore, the Court declines to issue a certificate of appealability.

So ordered this 31st day of July 2024.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE